**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26377-CIV-ALTONAGA/Reid**

**DISABILITY RIGHTS FLORIDA, INC.**,

Plaintiff,

v.

**KATHRYN WILLIAMS**,

Defendant.
_______________________________________/

# ORDER

**THIS CAUSE** came before the Court on the parties' Joint Motion for Entry of HIPAA Qualified Protective Order [ECF No. 32], filed on November 4, 2026. Being fully advised, it is

**ORDERED AND ADJUDGED** that the parties' Joint Motion . . . **[ECF No. 32]** is **GRANTED**. The parties shall adhere to the following:

1. In accordance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder, including 45 C.F.R. sections 164.512(e)(1)(ii)(B) and (e)(1)(v), the Court enters this Qualified Protective Order, as that term is defined in the foregoing regulations.

2. In addition to the foregoing federal laws and regulations, this Order is entered to authorize the limited disclosure — and to limit further disclosure — of information that is exempt or confidential under Florida's public-records laws, including provisions governing patient privacy and healthcare information. This Order shall govern the treatment of all Confidential Information of parties and non-parties that will be produced in this case, whether through discovery or in response to informal requests, including, without limitation, produced documents, responses to

requests for admission, answers to interrogatories, initial and supplemental disclosures, and deposition testimony.

3. For purposes of this Order:

   a. "Authorized Recipient" means:

      i. The parties.

      ii. The Court, court personnel, court reporters, videographers, and mediators.

      iii. Attorneys assigned to work on this case for Plaintiff, including their paralegals and support staff.

      iv. Attorneys assigned to work on this case for Defendant, including their paralegals and support staff.

      v. Persons who are engaged to assist counsel and their staff in this case, including, without limitation, testifying experts, consultants, and copy services and other outside litigation support personnel.

      vi. Deposition or trial witnesses in this case, to the extent necessary during or in preparation for their testimony.

   b. "Confidential Information" means:

      i. Protected Health Information ("PHI"), as defined in 45 C.F.R. section 160.103. This Order specifically includes, but is not limited to, PHI contained in records relating to: (a) testing for or diagnosis or treatment of human immunodeficiency virus ("HIV"), Fla. Stat. § 381.004; (b) testing for or diagnosis or treatment of sexually transmitted diseases, Fla. Stat. § 384.29; (c) testing for or diagnosis or treatment of known or

suspected cases of tuberculosis, Fla. Stat. § 392.65; and (d) mental health diagnosis, care, and treatment, Fla. Stat. § 394.4615.

ii. Information that is exempt or confidential under Florida's public-records laws.

c. "Covered entity" has the same meaning as in 45 C.F.R. section 160.103.

4. A covered entity may, without violating HIPAA, disclose Confidential Information to Authorized Recipients in accordance with this Order.

5. Before disclosing Confidential Information, a party shall stamp each document that contains Confidential Information with the following stamp: "CONFIDENTIAL." If designation on the information itself is not practicable, the designation shall appear in the file name, on a label affixed to a flash drive or other storage device, or in a similarly conspicuous place. The failure to designate Confidential Information as provided in this paragraph shall not constitute a waiver of the assertion that the materials are subject to this Order or alter the parties' obligations to maintain Confidential Information in accordance with this Order. If the producing party wishes to designate a document as "CONFIDENTIAL" after its production, then it must notify the receiving party that the document contains Confidential Information and reproduce the document with a "CONFIDENTIAL" stamp that complies with this Order.

6. Confidential Information produced in this case shall not be disclosed to any person who is not an Authorized Recipient. The receiving party shall maintain Confidential Information in a manner calculated to preclude access by persons who are not Authorized Recipients. The receiving party may use or disclose Confidential Information received pursuant to this Order solely for purposes of this litigation, including any appeals, settlement, or enforcement that may result. The receiving party may not use or disclose Confidential Information for any purpose other than this

litigation. If a receiving party reasonably believes that the producing party inadvertently failed to designate a document as "CONFIDENTIAL," then the receiving party must confer with the producing party before it uses or discloses the document in a manner inconsistent with this Order's treatment of Confidential Information.

7. Before disclosing Confidential Information to any Authorized Recipient identified in paragraph 3(a)(v) or (vi) of this Order, the party that seeks to make the disclosure shall provide the Authorized Recipient with a copy of this Order and shall require the Authorized Recipient to sign the Acknowledgment of HIPAA Qualified Protective Order that is attached hereto. Each party shall keep copies of the signed forms that it obtained and produce them, upon request, to the Court or the other party.

8. If documents are sought from a non-party, then the requesting party shall furnish this Order to the non-party at the time the request is made or served.

9. If the receiving party disagrees with the designation of Confidential Information, then the receiving party shall so notify the producing party, and the parties shall attempt to resolve the dispute in good faith on an informal basis. If the dispute cannot be informally resolved within ten days after disclosure of the objection, the receiving party may file an appropriate motion with the Court. The information shall be treated as Confidential Information until the dispute is resolved.

10. If any party wishes to use Confidential Information in affidavits, briefs, memoranda of law, exhibits to motions, deposition transcripts, or other papers filed with the Court in this case, then such party shall redact any information that could be used, alone or in combination with other reasonably available information, to identify any individual who is the subject of Confidential Information. The party may substitute initials for the identities of individuals whose identifying information is redacted. At a minimum, the name, jail identification number, criminal case

number, and date of birth of any person previously or currently found incompetent must be redacted. At the same time that the redacted papers are filed with the Court, the filing party must also serve on the other party an unredacted version (designated as "CONFIDENTIAL") of the same documents.

11. Any party that seeks to file an unredacted version of a document described in the preceding paragraph shall file a motion to seal in accordance with Local Rule 5.4 of the United States District Court for the Southern District of Florida. Motions to file documents under seal are disfavored.

12. Any party may discuss Confidential Information at a deposition but shall state on the record that the testimony concerns Confidential Information subject to this Order and request the court reporter to mark the confidential portion of the testimony as "CONFIDENTIAL" in the deposition transcript. Whenever any document that contains Confidential Information is identified as an exhibit to a deposition, it shall be marked with the following legend: "CONFIDENTIAL." A party may also designate information disclosed at a deposition, including a deposition exhibit, as Confidential Information by notifying all of the parties in writing within seven (7) business days after receipt of the transcript of the pages and lines of the transcript, or the specific exhibits, that should be treated as Confidential Information. Until expiration of the seven-day period, the entire transcript and all exhibits thereto will be treated as Confidential Information. To the extent that Confidential Information is disclosed at a deposition, attendance at the deposition shall be limited to Authorized Recipients.

13. When Confidential Information must be disclosed at a hearing or at trial, counsel for the party that proposes to disclose the Confidential Information will notify the Court before any Confidential Information is disclosed and ask that the Confidential Information be viewed by

Authorized Recipients only. No party, counsel, or witness shall disclose Confidential Information orally in open court except in accordance with further direction from the Court.

14. Within 60 days from the conclusion of these proceedings, including appeals, any recipient of Confidential Information under this Order shall either return the Confidential Information to the producing party or destroy the Confidential Information (including all copies made). For purposes of this Order, the conclusion of these proceedings shall mean (a) the point at which this litigation is fully concluded, including by settlement or final order by the trial court ending the case; (b) the conclusion of any appeals and proceedings on remand; (c) the expiration of time for any party to seek further appellate review or rehearing; and/or (d) whenever a period of enforcement or court retention of jurisdiction (whether determined by a settlement agreement or court order) terminates. The conclusion of these proceedings shall be the latest of any of the foregoing dates.

15. This Order does not entitle any party to documents or information to which the party would not otherwise be entitled under the Federal Rules of Civil Procedure, applicable discovery rules, and court orders. Nothing in this Order shall preclude either party from asserting any objection to the relevance, discoverability, admissibility, or privileged nature of documents containing Confidential Information, provided that no party may assert a discovery objection based solely on the fact that the documents or information sought contain Confidential Information.

16. The parties may seek additional protection from the disclosure and use of any documents and information for which they believe this Order does not provide adequate protection or with respect to documents and information which they believe are not subject to disclosure pursuant to applicable statutes, rules, regulations, or other applicable law.

17. This Order does not control or limit the use of Confidential Information that was received by means other than through this Order (for example, through consent of the individual or through a public-records request). However, paragraphs 10, 11, and 13 of this Order apply to all Confidential Information, regardless of how it was obtained.

18. If either party learns that, by inadvertence or otherwise, Confidential Information has been disclosed to any person or in any circumstance not authorized under this Order, then the party must immediately notify in writing the other party of the unauthorized disclosure. As soon as practicable, but not later than three calendar days after learning of the disclosure, the party that made the unauthorized disclosure must (a) use its best efforts to retrieve all Confidential Information that was improperly disclosed and to prevent its further dissemination; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (c) request that such person or persons execute the Acknowledgment that is attached hereto and return or destroy all copies of the Confidential Information that was improperly disclosed.

19. The confidentiality obligations of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom. The Court shall retain continuing jurisdiction to enforce the terms of this Order.

20. A party may file a motion to amend this Order or seek relief therefrom after conferring with counsel as required by the Local Rules.

21. Nothing in this Order modifies or amends the Scheduling Order [ECF No. 26].

**DONE AND ORDERED** in Miami, Florida, this 9th day of November, 2026.

Cecilia M. Altonaga

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26377-CIV-ALTONAGA/Reid**

**DISABILITY RIGHTS FLORIDA, INC.**,

Plaintiff,

v.

**KATHRYN WILLIAMS**,

Defendant.
_______________________________________/

**ACKNOWLEDGMENT OF HIPAA QUALIFIED PROTECTIVE ORDER**

I, _________________________________, hereby acknowledge that I have reviewed the HIPAA Qualified Protective Order entered into in the above-captioned case and that I understand and agree to be bound by the Order. I further agree with the following limitations upon the use and disclosure of the Protected Health Information (PHI) documents that I am being provided:

1. I will use Confidential Information solely for purposes of this litigation and for no other purpose.

2. I will not disclose any Confidential Information to any other person or entity except as expressly authorized by the Stipulated HIPAA Qualified Protective Order.

3. Upon request, I will immediately return or destroy any Confidential Information (including all copies) and send a written acknowledgment to the party producing the Confidential Information that the Confidential Information (including all copies) has been returned or destroyed.

I understand that violation of any of the provisions of this Acknowledgment may subject me to liability or sanctions including, but not limited to, personal liability for any damages resulting from such violation.

Dated: ______________________________

___________________________________
(Print Name)

___________________________________
(Signature)